In this case it is not necessary to consider the effect of thecertiorari and supersedeas before a new trial is granted in the Superior Court, for upon this record it distinctly appears that before the motion on the prison bounds bond came on a new trial had been granted in the original cause, and that it had been ordered to be transferred to the trial docket. I am well satisfied that by this order, to wit, for a new trial in the Superior Court, all the consequences attending an appeal from the county to the Superior Court follow, namely, a total destruction and annihilation of the judgment in the inferior court as if it had never been; and that the execution which had issued thereon was not only (554) superseded, as that term is understood when applied to the process to stay proceedings which issue after the allowance of a writ of error, but the execution is rendered a perfect nullity, as if it had never been issued; I think, therefore, that the judge did not err in refusing judgment on the motion on the prison bounds bond. A supersedeas should be considered only as auxiliary to the writ which it accompanies or the purposes for which the delay is required. If it be only to review andexamine the correctness of proceedings in an inferior court, and to affirm or reverse them, as the case may require; there the supersedeas operates only to stay the proceedings in the situation in which it found them, but where the process is not barely to affirm or reverse the proceedings of the court below, but to annihilate and destroy them, and to examine the *Page 309 
case de novo, as if such proceedings had never taken place; there thesupersedeas, and most certainly when combined with the proceedings of the court ordering it, annuls entirely the proceedings of the inferior court; it does not barely stay the proceedings in the situation in which it finds them, but certainly with the order of the Superior Court annulling the proceedings, annuls everything done under them. The certiorari in this case is substituted for an appeal, which by accident or some other cause the party is deprived of. What may be its effect when used for this purpose, accompanied by a supersedeas before the awarding of the new trial in the court above, as we have before said, it is not necessary to examine. But when the new trial is granted the whole proceedings become that for which the certiorari was substituted, to wit, an appeal and a trial de novo, both on the law and the facts, is had. This, when attained, either directly by an appeal or circuitously by a certiorari, annuls the judgment of the inferior court, and of course everything done under it must fall to the ground.
The capias ad satisfaciendum, the arrest of the defendant, (555) the bond to keep within the bounds of the prison, are means taken to enforce the performance of the judgment. When the object for which they were resorted to no longer exists, they must cease. There was nothing to pay, no judgment to satisfy and the defendant was left as if he had never been arrested.
PER CURIAM. Affirmed.
Cited: Otey v. Rogers, 26 N.C. 537.